**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CERTIFIED MEASUREMENT, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 2:14-cv-627 |
| v. | § § | **JURY TRIAL DEMANDED** |
| CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC, and ITRON, INC. | § § § § | |
| Defendants. | § § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Certified Measurement, LLC ("Plaintiff" or "Certified Measurement") files this Complaint for Patent Infringement against Defendants CenterPoint Energy Houston Electric, LLC ("CenterPoint") and Itron, Inc. ("Itron"), and alleges as follows:

**PARTIES**

1. Plaintiff Certified Measurement, LLC is a limited liability company organized under the laws of the State of Delaware, and having its principal place of business at Two High Ridge Park, Stamford, Connecticut 06905.

2. Upon information and belief, Defendant CenterPoint Energy Houston Electric, LLC is a limited liability company organized under the laws of the State of Texas, and having its principal place of business at 1111 Louisiana Street, Houston, Texas 77002.

3. Upon information and belief, Defendant Itron, Inc. is a corporation organized under the laws of the State of Washington and having its principal place of business at 2111 N Molter Road, Liberty Lake, Washington 99019.

## JURISDICTION AND VENUE

4. This is a patent infringement action arising under the patent laws of the United States, 35 U.S.C. §101, *et seq*.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. CenterPoint is incorporated in the State of Texas, has conducted and continues to conduct extensive business within the State of Texas, including the Eastern District of Texas. CenterPoint, directly or through intermediaries, ships, distributes, offers for sale, sells, uses, and/or advertises products that infringe the patent claims involved in this action in the State of Texas.

7. Itron has conducted and continues to conduct business within the State of Texas, including the Eastern District of Texas. Itron, directly or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises products that infringe the patent claims involved in this action in the State of Texas.

8. This Court has personal jurisdiction over CenterPoint and Itron.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and/or 1400(b) because each of the Defendants conducts business and is subject to personal jurisdiction in the Eastern District of Texas.

10. Joinder of the Defendants is proper pursuant to 35 U.S.C. § 299(a) because the Defendants make, use, offer for sale, sale, and/or import common products that infringe the patent claims involved in this action, including, but not limited to, the Itron OpenWay Centron meters and Itron OpenWay architecture.

## THE PATENTS-IN-SUIT

11. On October 27, 1998, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 5,828,751 ("the '751 patent") entitled "Method and Apparatus for Secure Measurement Certification" to Jay S. Walker, Bruce Schneier, and James A. Jorash. Certified Measurement is the owner by assignment of the '751 patent.

12. The '751 patent is valid and enforceable. A true and correct copy of the '751 patent is attached hereto as Exhibit A.

13. On August 28, 2001, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 6,282,648 ("the '648 patent") entitled "Method and Apparatus for Secure Measurement Certification" to Jay S. Walker, Bruce Schneier, and James A. Jorash. Certified Measurement is the owner by assignment of the '648 patent.

14. The '648 patent is valid and enforceable. A true and correct copy of the '648 patent is attached hereto as Exhibit B.

15. On September 11, 2001, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 6,289,453 ("the '453 patent") entitled "Method and Apparatus for Secure Measurement Certification" to Jay S. Walker, Bruce Schneier, and James A. Jorash. Certified Measurement is the owner by assignment of the '453 patent.

16. The '453 patent is valid and enforceable. A true and correct copy of the '453 patent is attached hereto as Exhibit C.

17. On October 1, 2013, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. 8,549,310 ("the '310 patent") entitled "Method and Apparatus for Secure Measurement Certification" to Jay S. Walker, Bruce Schneier, and James A. Jorash. Certified Measurement is the owner by assignment of the '310 patent.

18. The '310 patent is valid and enforceable. A true and correct copy of the '310 patent is attached hereto as Exhibit D.

19. Certified Measurement is the sole and exclusive owner of all rights, title, and interest in and to the '751 patent, '648 patent, '453 patent, and '310 patent (collectively, "the patents-in-suit"). Certified Measurement also possesses all rights to sue and recover for past and future infringement of the patents-in-suit.

## FACTUAL BACKGROUND

### Certified Measurement and Walker Digital

20. Walker Digital, LLC ("Walker Digital") is a research and development laboratory that invents solutions to large-scale problems for businesses and their customers. Since its founding, Walker Digital has invested millions of dollars to create what is now a broad portfolio of inventions and businesses.

21. Walker Digital has developed a portfolio of hundreds of United States and international patents and applications in a wide range of industries that include retail, vending, credit cards, security, educational testing, and entertainment.

22. Walker Digital's inventions have also been the genesis for several successful businesses and led to significant advances in their fields. These businesses have collectively served more than 100 million consumers, generated billions of dollars in revenue, and created thousands of new jobs. By way of example, Walker Digital's best known company, priceline.com, is one of the big success stories of first-generation e-commerce companies which has been valued at times at a market value of more than U.S. $20 billion.

23. In September 2013, Walker Digital assigned patents in its portfolio, including the patents-in-suit, to Inventor Holdings, LLC ("Inventor Holdings") in connection with a corporate

restructure. Inventor Holdings became a wholly-owned subsidiary of Patent Properties, Inc. ("Patent Properties"), and Walker Digital is a shareholder of Patent Properties. Inventor Holdings subsequently assigned the patents-in-suit to Certified Measurement, which is a wholly owned subsidiary of Inventor Holdings.

24. The patents-in-suit represent important advances in the field of security and physical measurement acquisition.

25. One of the named inventors of the patents-in-suit, Jay S. Walker, is one of America's most prolific inventors and entrepreneurs. Mr. Walker is also the chairman of Walker Digital. As an inventor, Mr. Walker is named on more than 450 issued and pending United States and international patents. As an entrepreneur, Mr. Walker is best known as the founder of priceline.com and the co-founder of Synapse, and has twice been named by *TIME* magazine as "one of the top 50 business leaders in the digital age."

26. Another named inventor of the patents-in-suit is Dr. Bruce Schneier, an internationally renowned cryptographer and security expert. Dr. Schneier has been called a "security guru" by *The Economist* and is the author of several books on security topics, computer security and cryptography, including, but not limited to, Applied Cryptography, Cryptography Engineering, Secrets and Lies, and Schneier on Security.

27. The patents-in-suit are directed to secure measurement acquisition and certification.

**CenterPoint's Infringement of the Patents-in-Suit**

28. Upon information and belief, CenterPoint uses an advanced metering system that measures its customer's energy consumption through the use of electric meters installed in

customer's homes or businesses. CenterPoint calls its advanced metering system "Energy InSight."

29. Upon information and belief, CenterPoint measures its customer's energy consumption by using electric meters (including, but not limited to, the Itron OpenWay Centron meters) and generates energy consumption data comprised of a signal representative of a physical parameter and a signal representative of time.

30. Upon information and belief, CenterPoint performs a cryptographic operation (e.g. encryption) on the energy consumption data, which is transmitted to CenterPoint's data center and subsequently transmitted again after processing.

31. CenterPoint's continued use of installed meters and performance of methods described in one or more of the patents-in-suit constitutes an act of infringement independent and apart from those of Itron.

## Itron's Infringement of the Patents-in-Suit

32. Upon information and belief, Itron produces, markets, sells, delivers and installs advanced metering systems (or its constituent parts), including, but not limited to, electric meters that measure and transmit energy consumption data comprised of a signal representative of a physical parameter and a signal representative of time. Itron's advanced metering system includes OpenWay Centron meters and the OpenWay architecture.

33. Upon information and belief, Itron's electric meters perform a cryptographic operation (e.g. encryption) on the energy consumption data, which is subsequently transmitted.

34. Upon information and belief, Itron produces, markets, sells, delivers, and installs advanced metering systems (or its constituent parts), such as the OpenWay Centron meters and

the OpenWay architecture, to utilities in the State of Texas (e.g. CenterPoint) and throughout the United States.

## COUNT I

### CenterPoint's Infringement of the '751 Patent

35. Certified Measurement repeats the allegations set forth in paragraphs 1-34 as though fully set forth herein.

36. Upon information and belief, CenterPoint has directly infringed and continues to directly infringe the '751 patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale, selling and/or importing (directly or through intermediaries) certain electric meters and affiliated communication systems found in CenterPoint's advanced metering system, including, but not limited to, the Itron OpenWay Centron meters and Itron OpenWay architecture.

37. In addition, upon information and belief, CenterPoint has actively induced, and continues to actively induce others, such as manufacturers, suppliers, and/or distributors of the electric meters and affiliated communication systems found in CenterPoint's advanced metering system, to directly infringe the '751 patent, in violation of 35 U.S.C. § 271(b). For example, upon information and belief, CenterPoint actively induces the making, offer for sale, sale, and/or import of certain electric meters and affiliated communication systems, including, but not limited to, the Itron OpenWay Centron meters and Itron OpenWay architecture. Upon information and belief, CenterPoint's manufacturers, suppliers and/or distributors have directly infringed and are directly infringing the '751 patent. CenterPoint has had actual knowledge of the '751 patent at least as of the filing of this Complaint and encourages its manufacturers, suppliers, and/or

distributers to incorporate the '751 patent's technology in violation of the '751 patent with knowledge of the '751 patent.

38. CenterPoint does not have a license or permission to use the claimed subject matter in the '751 patent.

39. Certified Measurement has been injured and has been caused significant financial damage as a direct and proximate result of CenterPoint's infringement of the '751 patent.

40. Certified Measurement is entitled to recover from CenterPoint the damages sustained by Certified Measurement as a result of CenterPoint's wrongful acts in an amount subject to proof at trial.

## COUNT II

### Itron's Infringement of the '751 Patent

41. Certified Measurement repeats the allegations set forth in paragraphs 1-34 as though fully set forth herein.

42. Upon information and belief, Itron has directly infringed and continues to directly infringe the '751 patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale, selling and/or importing (directly or through intermediaries) certain electric meters and affiliated communication systems, including, but not limited to, the Itron OpenWay Centron meters and Itron OpenWay architecture.

43. In addition, upon information and belief, Itron has actively induced, and continues to actively induce others, such as Itron's customers (e.g. utility companies), to directly infringe the '751 patent in violation of 35 U.S.C. § 271(b). For example, upon information and belief, Itron and/or its distributors or representatives have sold or otherwise provided electric meters and affiliated communication systems—including, for example, the Itron OpenWay Centron meters

and Itron OpenWay architecture—to utility companies. Upon information and belief, these utility companies, have directly infringed and are directly infringing the '751 patent by using the Itron OpenWay Centron meters and Itron OpenWay architecture. Itron has had actual knowledge of the '751 patent at least as of the filing of this Complaint and encourages its customers to incorporate the '751 patent's technology in violation of the '751 patent with knowledge of the '751 patent.

44. Furthermore, upon information and belief, Itron has contributorily infringed and continues to contributorily infringe the '751 patent in violation of 35 U.S.C. § 271(c). For example, upon information and belief, Itron has contributed to and is contributing to the infringement of the '751 patent by selling to its customers (e.g. utility companies) electric meters and affiliated communication systems, including the Itron OpenWay Centron meters and Itron OpenWay architecture, that constitute a material part of the '751 patent, knowing the same to be especially made or especially adapted for use in an infringement of the '751 patent, and not a staple article suitable for substantial noninfringing use. Itron's customers have directly infringed and are directly infringing the '751 patent by using these devices. Itron has had knowledge of the '751 patent at least as of the filing of this Complaint and sells to its customers the '751 patent's technology in violation of the '751 patent with knowledge of the '751 patent.

45. Itron does not have a license or permission to use the claimed subject matter in the '751 patent.

46. Certified Measurement has been injured and has been caused significant financial damage as a direct and proximate result of Itron's infringement of the '751 patent.

47. Certified Measurement is entitled to recover from Itron the damages sustained by Certified Measurement as a result of Itron's wrongful acts in an amount subject to proof at trial.

## COUNT III

### CenterPoint's Infringement of the '648 Patent

48. Certified Measurement repeats the allegations set forth in paragraphs 1-34 as though fully set forth herein.

49. Upon information and belief, CenterPoint has directly infringed and continues to directly infringe the '648 patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale, selling and/or importing (directly or through intermediaries) certain electric meters and affiliated communication systems found in CenterPoint's advanced metering system, including, but not limited to, the Itron OpenWay Centron meters and Itron OpenWay architecture.

50. In addition, upon information and belief, CenterPoint has actively induced, and continues to actively induce others, such as manufacturers, suppliers, and/or distributors of the electric meters and affiliated communication systems found in CenterPoint's advanced metering system, to directly infringe the '648 patent, in violation of 35 U.S.C. § 271(b). For example, upon information and belief, CenterPoint actively induces the making, offer for sale, sale, and/or import of certain electric meters and affiliated communication systems, including, but not limited to, the Itron OpenWay Centron meters and Itron OpenWay architecture. Upon information and belief, CenterPoint's manufacturers, suppliers and/or distributors have directly infringed and are directly infringing the '648 patent. CenterPoint has had actual knowledge of the '648 patent at least as of the filing of this Complaint and encourages its manufacturers, suppliers, and/or distributors to incorporate the '648 patent's technology in violation of the '648 patent with knowledge of the '648 patent.

51. CenterPoint does not have a license or permission to use the claimed subject matter in the '648 patent.

52. Certified Measurement has been injured and has been caused significant financial damage as a direct and proximate result of CenterPoint's infringement of the '648 patent.

53. Certified Measurement is entitled to recover from CenterPoint the damages sustained by Certified Measurement as a result of CenterPoint's wrongful acts in an amount subject to proof at trial.

## COUNT IV

### Itron's Infringement of the '648 Patent

54. Certified Measurement repeats the allegations set forth in paragraphs 1-34 as though fully set forth herein.

55. Upon information and belief, Itron has directly infringed and continues to directly infringe the '648 patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale, selling and/or importing (directly or through intermediaries) certain electric meters and affiliated communication systems, including, but not limited to, the Itron OpenWay Centron electric meters and Itron OpenWay architecture.

56. In addition, upon information and belief, Itron has actively induced, and continues to actively induce others, such as Itron's customers (e.g. utility companies), to directly infringe the '648 patent in violation of 35 U.S.C. § 271(b). For example, upon information and belief, Itron and/or its distributors or representatives have sold or otherwise provided electric meters and affiliated communication systems—including, for example, the Itron OpenWay Centron meters and Itron OpenWay architecture—to utility companies. Upon information and belief, these utility companies, have directly infringed and are directly infringing the '648 patent by using the

Itron OpenWay Centron meters and Itron OpenWay architecture. Itron has had actual knowledge of the '648 patent at least as of the filing of this Complaint and encourages its customers to incorporate the '648 patent's technology in violation of the '648 patent with knowledge of the '648 patent.

57. Furthermore, upon information and belief, Itron has contributorily infringed and continues to contributorily infringe the '648 patent in violation of 35 U.S.C. § 271(c). For example, upon information and belief, Itron has contributed to and is contributing to the infringement of the '648 patent by selling to its customers (e.g. utility companies) electric meters and affiliated communication systems, including the Itron OpenWay Centron meters and Itron OpenWay architecture, that constitute a material part of the '648 Patent, knowing the same to be especially made or especially adapted for use in an infringement of the '648 patent, and not a staple article suitable for substantial noninfringing use. Itron's customers have directly infringed and are directly infringing the '648 patent by using these devices. Itron has had knowledge of the '648 patent at least as of the filing of this Complaint and sells to its customers the '648 patent's technology in violation of the '648 patent with knowledge of the '648 patent.

58. Itron does not have a license or permission to use the claimed subject matter in the '648 patent.

59. Certified Measurement has been injured and has been caused significant financial damage as a direct and proximate result of Itron's infringement of the '648 patent.

60. Certified Measurement is entitled to recover from Itron the damages sustained by Certified Measurement as a result of Itron's wrongful acts in an amount subject to proof at trial.

## COUNT V

### CenterPoint's Infringement of the '453 Patent

61.     Certified Measurement repeats the allegations set forth in paragraphs 1-34 as though fully set forth herein.

62.     Upon information and belief, CenterPoint has directly infringed and continues to directly infringe the '453 patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale, selling and/or importing (directly or through intermediaries) certain electric meters and affiliated communication systems found in CenterPoint's advanced metering system, including, but not limited to, the Itron OpenWay Centron meters and Itron OpenWay architecture.

63.     In addition, upon information and belief, CenterPoint has actively induced, and continues to actively induce others, such as manufacturers, suppliers, and/or distributors of the electric meters and affiliated communication systems found in CenterPoint's advanced metering system, to directly infringe the '453 patent, in violation of 35 U.S.C. § 271(b).  For example, upon information and belief, CenterPoint actively induces the making, offer for sale, sale, and/or import of certain electric meters and affiliated communication systems, including, but not limited to, the Itron OpenWay Centron meters and Itron OpenWay architecture.  Upon information and belief, CenterPoint's manufacturers, suppliers and/or distributors have directly infringed and are directly infringing the '453 patent.  CenterPoint has had actual knowledge of the '453 patent at least as of the filing of this Complaint and encourages its manufacturers, suppliers, and/or distributors to incorporate the '453 patent's technology in violation of the '453 patent with knowledge of the '453 patent.

64. CenterPoint does not have a license or permission to use the claimed subject matter in the '453 patent.

65. Certified Measurement has been injured and has been caused significant financial damage as a direct and proximate result of CenterPoint's infringement of the '453 patent.

66. Certified Measurement is entitled to recover from CenterPoint the damages sustained by Certified Measurement as a result of CenterPoint's wrongful acts in an amount subject to proof at trial.

## COUNT VI

### Itron's Infringement of the '453 Patent

67. Certified Measurement repeats the allegations set forth in paragraphs 1-34 as though fully set forth herein.

68. Upon information and belief, Itron has directly infringed and continues to directly infringe the '453 patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale, selling and/or importing (directly or through intermediaries) certain electric meters and affiliated communication systems, including, but not limited to, the Itron OpenWay Centron meters and Itron OpenWay architecture.

69. In addition, upon information and belief, Itron has actively induced, and continues to actively induce others, such as Itron's customers (e.g. utility companies), to directly infringe the '453 patent in violation of 35 U.S.C. § 271(b). For example, upon information and belief, Itron and/or its distributors or representatives have sold or otherwise provided electric meters and affiliated communication systems—including, for example, the Itron OpenWay Centron meters and Itron OpenWay architecture—to utility companies. Upon information and belief, these utility companies, have directly infringed and are directly infringing the '453 patent by using the

Itron OpenWay Centron meters and Itron OpenWay architecture. Itron has had actual knowledge of the '453 patent at least as of the filing of this Complaint and encourages its customers to incorporate the '453 patent's technology in violation of the '453 patent with knowledge of the '453 patent.

70. Furthermore, upon information and belief, Itron has contributorily infringed and continues to contributorily infringe the '453 patent in violation of 35 U.S.C. § 271(c). For example, upon information and belief, Itron has contributed to and is contributing to the infringement of the '453 patent by selling to its customers (e.g. utility companies) electric meters and affiliated communication systems, including the Itron OpenWay Centron meters and Itron OpenWay architecture, that constitute a material part of the '453 patent, knowing the same to be especially made or especially adapted for use in an infringement of the '453 patent, and not a staple article suitable for substantial noninfringing use. Itron's customers have directly infringed and are directly infringing the '453 patent by using these devices. Itron has had knowledge of the '453 patent at least as of the filing of this Complaint and sells to its customers the '453 patent's technology in violation of the '453 patent with knowledge of the '453 patent.

71. Itron does not have a license or permission to use the claimed subject matter in the '453 patent.

72. Certified Measurement has been injured and has been caused significant financial damage as a direct and proximate result of Itron's infringement of the '453 patent.

73. Certified Measurement is entitled to recover from Itron the damages sustained by Certified Measurement as a result of Itron's wrongful acts in an amount subject to proof at trial.

## COUNT VII

### CenterPoint's Infringement of the '310 Patent

74. Certified Measurement repeats the allegations set forth in paragraphs 1-34 as though fully set forth herein.

75. Upon information and belief, CenterPoint has directly infringed and continues to directly infringe the '310 patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale, selling and/or importing (directly or through intermediaries) certain electric meters and affiliated communication systems found in CenterPoint's advanced metering system, including, but not limited to, the Itron OpenWay Centron meters and Itron OpenWay architecture.

76. In addition, upon information and belief, CenterPoint has actively induced, and continues to actively induce others, such as manufacturers, suppliers, and/or distributors of the electric meters and affiliated communication systems found in CenterPoint's advanced metering system, to directly infringe the '310 patent, in violation of 35 U.S.C. § 271(b). For example, upon information and belief, CenterPoint actively induces the making, offer for sale, sale, and/or import of certain electric meters and affiliated communication systems, including, but not limited to, the Itron OpenWay Centron meters and Itron OpenWay architecture. Upon information and belief, CenterPoint's manufacturers, suppliers and/or distributors have directly infringed and are directly infringing the '310 patent. CenterPoint has had actual knowledge of the '310 patent at least as of the filing of this Complaint and encourages its manufacturers, suppliers, and/or distributers to incorporate the '310 patent's technology in violation of the '310 patent with knowledge of the '310 patent.

77. CenterPoint does not have a license or permission to use the claimed subject matter in the '310 patent.

78. Certified Measurement has been injured and has been caused significant financial damage as a direct and proximate result of CenterPoint's infringement of the '310 patent.

79. Certified Measurement is entitled to recover from CenterPoint the damages sustained by Certified Measurement as a result of CenterPoint's wrongful acts in an amount subject to proof at trial.

## COUNT VIII

### Itron's Infringement of the '310 Patent

80. Certified Measurement repeats the allegations set forth in paragraphs 1-34 as though fully set forth herein.

81. Upon information and belief, Itron has directly infringed and continues to directly infringe the '310 patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by making, using, offering for sale, selling and/or importing (directly or through intermediaries) certain electric meters and affiliated communication systems, including, but not limited to, the Itron OpenWay Centron meters and Itron OpenWay architecture.

82. In addition, upon information and belief, Itron has actively induced, and continues to actively induce others, such as Itron's customers (e.g. utility companies), to directly infringe the '310 patent in violation of 35 U.S.C. § 271(b). For example, upon information and belief, Itron and/or its distributors or representatives have sold or otherwise provided electric meters and affiliated communication systems—including, for example, the Itron OpenWay Centron meters and Itron OpenWay architecture—to utility companies. Upon information and belief, these utility companies, have directly infringed and are directly infringing the '310 patent by using the

Itron OpenWay Centron meters and Itron OpenWay architecture. Itron has had actual knowledge of the '310 patent at least as of the filing of this Complaint and encourages its customers to incorporate the '310 patent's technology in violation of the '310 patent with knowledge of the '310 patent.

83. Furthermore, upon information and belief, Itron has contributorily infringed and continues to contributorily infringe the '310 patent in violation of 35 U.S.C. § 271(c). For example, upon information and belief, Itron has contributed to and is contributing to the infringement of the '310 patent by selling to its customers (e.g. utility companies) electric meters and affiliated communication systems, including the Itron OpenWay Centron meters and Itron OpenWay architecture, that constitute a material part of the '310 patent, knowing the same to be especially made or especially adapted for use in an infringement of the '310 patent, and not a staple article suitable for substantial noninfringing use. Itron's customers have directly infringed and are directly infringing the '310 patent by using these devices. Itron has had knowledge of the '310 patent at least as of the filing of this Complaint and sells to its customers the '310 patent's technology in violation of the '310 patent with knowledge of the '310 patent.

84. Itron does not have a license or permission to use the claimed subject matter in the '310 patent.

85. Certified Measurement has been injured and has been caused significant financial damage as a direct and proximate result of Itron's infringement of the '310 patent.

86. Certified Measurement is entitled to recover from Itron the damages sustained by Certified Measurement as a result of Itron's wrongful acts in an amount subject to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Certified Measurement respectfully requests that this Court enter a judgment against Defendants, granting Certified Measurement the following relief:

87. A judgment that Defendants have directly infringed, either literally or under the doctrine of equivalents, and/or indirectly infringed by way of inducement and/or contributory infringement, the patents-in-suit;

88. Damages resulting from Defendants infringement of the patents-in-suit in an amount to be to be determined at trial, but no less than a reasonably royalty, together with pre-judgment and post judgment interest and costs;

89. An injunction against Defendants and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the patents-in-suit, or otherwise infringing or contributing to or inducing infringement of any claim of the patents-in-suit;

90. Enhanced damages pursuant to 35 U.S.C. § 284;

91. A judgment holding this to be an exceptional case, and an award to Certified Measurement for its attorney's fees, costs, and expenses incurred in prosecuting this action pursuant to 35 U.S.C. § 285;

92. Alternatively, in the event that an injunction does not issue, an award for a compulsory future royalty; and

93. Any other relief deemed just and proper.

## DEMAND FOR A JURY TRIAL

94. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Certified Measurement demands a trial by jury on all issues triable of right by a jury.

Dated: May 14, 2014

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

James H. Shalek *(Pro Hac Vice to be filed)*
Fabio E. Tarud *(Pro Hac Vice to be filed)*
Jonathan M. Sharret (*Pro Hac Vice to be filed*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000

*Attorneys for Plaintiff Certified Measurement, LLC*