# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CERTIFIED MEASUREMENT, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:14-cv-627-JRG-RSP |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC, and ITRON, INC. | § | |
| | § | |
| Defendants. | § | |

**CERTIFIED MEASUREMENT, LLC'S SURREPLY IN OPPOSITION
TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE HOUSTON DIVISION
<u>OF THE SOUTHERN DISTRICT OF TEXAS</u>**

Defendants' motion to transfer should be denied because Defendants have failed to carry their burden of proving that the SDTX is "clearly more convenient" than this Court. Defendants attempt to discredit their burden by arguing that Certified Measurement's choice of forum deserves "little deference" because Certified Measurement "is based in Connecticut and has no business in or ties to this District." Defendants' Reply ("Reply") (D.I. 23) at *1. But the location of Certified Measurement's principal place of business does not change the Defendants' burden of showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *See, e.g., Rembrandt Patent Innovations, LLC v. Apple, Inc.*, 2:14-cv-0015, 2014 WL 383521, at * 1 (E.D. Tex. Aug. 1, 2014) (Gilstrap, J.) (Plaintiff's principal place of business is in Pennsylvania); *ComCam Int'l v. Mobotix Corp.*, 2:13-CV-0798, 2014 WL 4229711, at *1 (E.D. Tex. Aug. 26, 2013) (Gilstrap, J.) (Plaintiff is a Delaware company with its principal place of business of business in Pennsylvania). "As a result, the Defendants ***must satisfy and meet the usual burden*** of showing that the transferee venue is clearly more convenient than the venue chosen by the plaintiff." *Lake Cherokee Hard Drive Tech., LLC v. Bass Computers, Inc.*, 2:10-cv-216, 2012 WL 462956, at *5 (E.D. Tex. Feb. 12, 2012) (Gilstrap, J.) (emphasis added). Defendants have failed to do so here.

Second, Defendants' Reply confirms this District's connection to this case. Itron does not dispute that it sells the infringing meters to two third-party utility companies present within this District (*i.e.*, GCEC and TNMP) and further admits that these utilities would have relevant information relating to Itron's sale of infringing meters to them.[1] Reply at *2, fn.2. Similarly, even though CenterPoint contends that its use of the accused meters is "centered" in Houston, CenterPoint does not dispute that it installs the infringing meters in this District. *Id*. at *2, fn.1.

---

[1] Because GCEC and TNMP install and use the infringing meters, they are also likely to have relevant information regarding infringement.

Third, Defendants do not dispute that the vast majority of its relevant documentary evidence is in the possession of Itron, the manufacturer of the infringing meters, in South Carolina and Washington State, not in the SDTX. Although Itron identifies its alleged witnesses (located in South Carolina and Washington State) for the first time in its "supplemental" declaration, this declaration does not provide meaningful information regarding Itron's relevant documents, *e.g.*, the subject matter addressed therein, the volume, or location of such documents. Further, as regard Itron's witnesses in South Carolina and Washington State, any added inconvenience of travelling to Marshall, rather than to Houston, if any, does not favor transfer. Marshall, like Houston, has access to a fully functional, commercial airport, and once travel has occurred, other costs (*e.g.*, lodging and food) are less in Marshall. Thus, even with this newly provided information, Defendants fail to meet their burden for transfer.

Fourth, Defendants fail to identify (again) any third party witnesses for whom the SDTX would be more convenient or for whom compulsory process would be necessary. On the other hand, the EDTX is more convenient to the third-party utility companies present within this District, which install the infringing Itron meters, and Itron's technology "partners" in Dallas.

Fifth, Defendants contend that Certified Measurement's documents in Dallas are "irrelevant" and that "a plaintiff cannot create venue by sending documents to a forum that has no connection with the parties or the dispute." Reply at *1, 3. Defendants' argument misses the point. Certified Measurement is not "creating" venue by sending documents to the EDTX. Defendants again appear to conflate proper venue with convenient venue under 28 U.S.C. §1404(a). Of course, Defendants have not argued (as they cannot) that venue in the EDTX is improper. Further, Defendants' argument is inconsistent with their own position. Defendants argue that Certified Measurement "asks the Court to ignore the location of CenterPoint's

documents." Reply at *3. Yet, Defendants ask the Court to ignore the location of Certified Measurement's documents in Dallas.[2]

Defendants have failed to carry their burden of showing that the SDTX is "clearly more convenient" than the EDTX. Accordingly, Defendants' motion should be denied.

Dated: September 4, 2014

Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

James H. Shalek *(Pro Hac Vice)*
Fabio E. Tarud *(Pro Hac Vice)*
Jonathan M. Sharret *(Pro Hac Vice)*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Plaintiff Certified Measurement, LLC*

---

[2] Defendants' reliance on *In re Hoffman-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009) is misplaced. First, in *Hoffman-La Roche*, the "bulk" of the evidence was in the transferee forum. *Id*. at 1336. Here, the vast majority of the relevant documentary evidence is likely in the possession of Itron, the manufacturer of the infringing meters, in South Carolina and Washington State, not in the transferee forum, which Defendants do not dispute. Further, in *Hoffman-La Roche*, the electronic documents were transferred by counsel for purposes of that litigation. *Id*. at 1337. Specifically, the Court noted that "if not for *this* litigation, it appears that the documents would have remained a source of proof in California." *Id* (emphasis added). The same is not true of Certified Measurement's documents. Certified Measurement's documents have been in Dallas since at least early 2012 and Defendants have not shown (as they cannot) that these documents are co-located in Dallas for purposes of this litigation. Auteri Decl. (D.I. 20-1) at ¶3.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on this the 4th day of September, 2014.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth