# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CERTIFIED MEASUREMENT, LLC | § § | |
| v. | § § | Case No. 2:14-CV-627-RSP |
| CENTERPINT ENERGY HOUSTON ELECTRIC LLC, ET AL. | § § § | |

## MEMORANDUM ORDER

Before the Court is CenterPoint Energy Houston Electric, LLC and Itron, Inc. (collectively, "Defendants") Motion to Dismiss, or Alternatively, for a More Definite Statement. (Dkt. No. 14, "Motion to Dismiss.") For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED**.

## BACKGROUND AND PROCEDURAL HISTORY

On May 14, 2014, Plaintiff Certified Measurement, LLC ("Certified") filed this suit against CenterPoint Energy Houston Electric, LLC and Itron, Inc. (collectively, "Defendants"). (Dkt. No. 1, "Original Complaint.") On January 21, 2015, Certified amended its complaint against Defendants. (Dkt. No. 47, "First Amended Complaint," alternatively, "FAC.") In its First Amended Complaint, Certified accuses Defendants of infringing United States Patent Nos. 5,828,751; 6,282,648; 6,289,453; and 8,549,310 (collectively, "Patents-in-Suit," alternatively, "Certified's Patents"). (*See generally* First Amended Complaint.) Defendants now move to dismiss the First Amended Complaint (Dkt. No. 14.) (*See also* Dkt. No. 52) (granting the parties' joint motion for Defendants' Motion to Dismiss as to the Original Complaint relate back to the First Amended Complaint).

## APPLICABLE LAW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Under Title 35, patentable inventions are divided into broad, statutory categories of invention. *See* 35 U.S.C. § 101 (" . . . process, machine, manufacture, or composition of matter, or any new and useful improvement thereof . . . .") So-called "abstract ideas," however, are ineligible for patent protection under the current law. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2352, 189 L. Ed. 2d 296 (2014).

A claim for induced infringement under 35 U.S.C. § 271(b) requires proof (1) of an act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). The intent element requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer

knowingly induced infringement and possessed specific intent to encourage another's infringement.").

A plaintiff claiming contributory patent infringement under 35 U.S.C. § 271(c) must prove (1) an act of direct infringement, (2) that the defendant "knew that the combination for which its components were especially made was both patented and infringing," and (3) that the components have "no substantial non-infringing uses." *Cross Med. Prods., Inc. v. Medtronic Sofamore Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

## DISCUSSION

### A. Patent Eligibility under 35 U.S.C. § 101

In their Motion to Dismiss, Defendants urge the Court to render Certified's Patents invalid under 35 U.S.C. § 101 in the context of a Rule 12(b)(6) motion to dismiss. (Mot. at 1.) Although the Court recognizes that, under certain circumstances, a determination of patent validity under section 101 may be made at the pleading stage on a motion to dismiss (*see, e.g., Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709 (Fed. Cir. 2014)), the issue of patentable subject matter requires a legal analysis that can—and often does—"contain underlying factual issues." *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340–41 (Fed. Cir. 2013).

Defendants argue, and Certified does not directly dispute, that claim construction is not necessarily required to decide patent eligibility questions in all circumstances. (Mot. at 7); *see* (Opp. at 2) ("[T]he question of patentable subject matter should be reserved until claim construction *if* there are disputed issues respecting the interpretation of the claims.") (emphasis added). This is undoubtedly correct. *See Bancorp Servs., L.L.C. v. Sun Life Assurance Co.*, 687 F.3d 1266, 1273 (Fed. Cir. 2012) ("[W]e perceive no flaw in the notion that claim construction is not an inviolable prerequisite to a validity determination under § 101.") While handling the issue of

section 101 eligibility at the pleading stage is permissible, those issues are often inextricably tied to claim construction. Thus, it seems a definitive ruling on eligibility before claim construction is only warranted in narrow circumstances, making such a ruling the exception rather than the rule.

The need for claim construction is especially apparent here, where Defendants' invalidity argument is implicitly premised on its conclusions about the meanings of certain claim terms. (Mot. at 8–16.) In this case, the Court cannot simply assume Defendants' characterization of the claims and implicit positions on the meaning of claim terms are correct without a meaningful ability to examine fully what a person of ordinary skill in the art would interpret those terms to mean.

The difficulty of making a substantive ruling on the validity of an issued patent in what is—in essence—a complete vacuum cannot be understated. While the claim language of some patents may be so clear that the court need only undertake a facial analysis to render it invalid at the pleading stage, that will not be the norm and is certainly not the case here.

Taken on its face, Certified's complaint and issued patents set forth a plausible claim to relief. Therefore, Defendants' contention that the First Amended Complaint fails to state a claim under Rule 12(b)(6) is without merit. Accordingly, the Court denies Defendants' Motion to Dismiss as to the patent eligibility grounds.

**B.      Indirect Infringement**

Defendants' additionally move to dismiss the First Amended Complaint due to purported deficiencies in Plaintiff's pleading of indirect infringement. (Mot. at 16.) Specifically, Defendants argue "plaintiff has no basis to make such allegations when plaintiff has not alleged pre-suit knowledge of the patents, but instead relies exclusively on the filing of the Complaint as the basis to establish knowledge." (*Id.*) In support of this argument, Defendants rely on the United States Supreme Court's *Global-Tech* case, and claim Certified must allege knowledge of

the Patent-in-Suit to establish the scienter required for indirect infringement. (*See id.*) (citing *Global-Tech Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)).

Defendants' argument appears to be entirely predicated on whether or not Plaintiff adequately pled indirect infringement under *Global-Tech* despite Plaintiff's purported failure to plead Defendants' *pre-suit knowledge* of the patents.[1] However, *Global-Tech* requires only that the defendant "[know] that the induced acts constitute patent infringement," and contains no requirement that the knowledge arise before the filing of the suit. *Global-Tech*, 131 S. Ct. at 2068. Based on the *Global-Tech* standard, therefore, and accepting Plaintiffs' well-pleaded facts to be true (*Bowlby*, 681 F.3d at 217–18 (5th Cir. 2012)), the Court finds Plaintiffs adequately pled facially plausible indirect infringement claims under the *Iqbal* standard.[2] (*See, e.g.,* FAC at ¶¶ 39, 41, 46–49, 55, 62–65, 71, 78–81, 87, and 94–97) (setting forth specific allegations regarding Defendants' knowledge as it relates to its inducement and contributory infringement allegations).

Accordingly, the Court denies Defendants' Motion to Dismiss as to the indirect infringement grounds as well.

---

[1] Indeed, Defendants dedicate less than two full pages of their entire nineteen-page Motion to Dismiss to the indirect infringement issue, with the balance of the briefing to the issue of patent eligibility. (Mot. at 16–17); (*see generally* Reply) (devoting the entire ten-page reply brief to the issue of patent eligibility).

[2] Similarly, the Court finds Plaintiff's infringement contentions sufficient to defeat Defendants' request under Rule 12(e) for a more definite statement.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. No. 14) is **DENIED**.

**SIGNED this 29th day of March, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE